C ALU WELL, J.
' Dennis O'Leary (The State on relation of) brought this action in the court of common pleas against Charles P. Salen, Director of Accounts, etc., by way of mandamus to compel Salen to issue to him an order upon the treasurer of Cuyahoga county for his pay as janitor of the police court, and he was defeated in the court below and has appealed to this court, and the case has been tried here. The question arises in this way:
The director of police has been appointing a janitor to take care of the building in which the police court is held — which is a building controlled and managed largely by the police force,if not wholly by the police force, and used largely by the police force. The council gave the police court authority to *624 appoint a janitor for his court room, and he ajapointed Dennis O'Leary, and the director of accounts has refused to give him a warrant upon the treasurer for his pay, $25.00, and he brings this acti< n to compel Salen to issue the warrant. The defense is that the police judge had no authority; that the council, in the first xolace, had no authority to authorize the police judge to appoint O'Leary, and hence the police judge had no authority to appoint, but the appointing of a janitor belonged to the police department of the city.
That is the case tried,and it depends largely upon the statute, and we are cited to the section of the statute that comprises the federal plan law, section 1545-8. (Miscellaneous officers.)
“The council shall have power to provide for the appointment of such officers as may be necessary for the enforcement of all provisions of law or ordinance relating to markets, city scales, sealing of weights and measures, harbors and wharves, consumption of smoke and the examination of stationary engineers, and such other officers in the several departments hereby created as it may deem necessary for the good government of the corporation and the full exercise of its corporate powers, and prescribe their duties and fix their compensation.”
Then we are cited to section 1545-28. (Appointment of officers, etc.) “Except as otherwise provided in this act, all officers, clerks and employes of the several departments and subdivisions thereof shall he appointed or employed by the head of the department without the advice and consent of the council.”
Then, in that part of the federal plan law that pertains directly to the police department, section 1545-40, we find: (Director of Police.) “The department of police shall be under the charge of a director, to be appointed by the mayor as herein-before provided, who shall be known as the director of police, and who shall be the head of said department.”
And section 1545-47: (Powers of certain officers vested in director.) “Except as herein otherwise provided, the powers and duties heretofore vested in the board of police commissioners and the board of health are hereby vested in the director of police, and all the provisions of law pertaining to the said police and health departments shall apply to the police department and he administered by the director thereof.”
We find in section 1930 in the law as it stood before the federal plan law pertaining to the city of Cleveland, “and the hoard” —that, is, the board of police commissioners — “shall also appoint such suitable persons to act as doormen, janitors, etc.
It does not seem to be contested in this case, but that this building generally is under the care and protection of the director of police or the department, of police.
We think the word “officer” there would not include a janitor within the meaning of that section; and then, the section 1545-23, above.
As to how far the word “officers” there, would need explanation in connection with the section I have read, is not for us to determine here, after we have determined that O’Leary is not an officer but a janitor,- under the express provision of the statute as it stood before the enactment of the federal plan law; that he then comes under the provision of this section 1545-23, that he shall he appointed by the head of the depart *625 ment. That being' true, our construction of the statute is, that ■the council has no authority to authorize the police judge to appoint a janitor.
That being true, his appointment is expressly provided for by section 1515-23, as to being appointed by the head of the department under which he serves.
That being true, we find the city council had no authority to authorize the appointment of the janitor, and his appointment is not lawful, and all questions as to whether this question ■can be raised in this way have been waived in this case by the attorneys simply to get a construction of this statute; and. we hold that O’Leary is not entitled to his pay, and we will not order the director of accounts to issue to him an order on the ■treasurer of the city.